IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY ZANE SHORT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:21-cv-1169-STA-jay |
| | ) | |
| **CITY OF GRAND JUNCTION,** | ) | |
| **TENNESSEE and CURTIS LANE,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
ORDER DENYING PLAINTIFF'S MOTION TO NOT DISMISS
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ON APPELLATE FILING FEE**

Before the Court are Defendants City of Grand Junction, Tennessee, and Curtis Lane's Motion to Dismiss (ECF No. 13) filed April 20, 2023, and Plaintiff Larry Zane Short's Motion to Not Dismiss (ECF No. 17) filed November 20, 2023. On December 5, 2023, the United States Magistrate Judge issued a report and recommendation (ECF No. 18) that the Court convert Defendants' Motion to Dismiss to a Rule 56 Motion for Summary Judgment and grant Defendants judgment as a matter of law on statute of limitations grounds. The Magistrate Judge's recommended disposition of the Motion would result in the dismissal of the action in its entirety. Plaintiff had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiff has not objected to the report and its recommended conclusions of law, and the time to object has now expired.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*,

1

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended that the Court grant Defendants' Motion to Dismiss Plaintiff's case pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

In the absence of any objection to the Magistrate Judge's recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Magistrate Judge construed Plaintiff's Complaint to allege a cause of action under 42 U.S.C. §1983 for the violation of Plaintiff's constitutional rights, specifically a violation of his procedural due process rights and a violation of the takings clause. Both rights are guaranteed by the Fifth Amendment to the U.S. Constitution and made applicable to the states under the Fourteenth Amendment. Both claims have a one-year statute of limitations. Plaintiff filed suit against Defendants on October 28, 2021. Plaintiff's claims would be timely under the one-year statute of limitations only if the claims accrued after October 28, 2020. The Magistrate Judge has correctly determined that the Court should convert the Motion to Dismiss to a Motion for Summary Judgment due to the fact that Defendants have attached evidentiary submissions to their Motion. The Magistrate Judge also properly gave Plaintiff the chance to introduce any proof he had to support the timeliness of his

claims.

The Magistrate Judge found no genuine dispute of material fact as to when Plaintiff's claims accrued.  Concerning the accrual of any claim Plaintiff had against Defendants for the sale of his real property without notice, the Court hereby adopts the Magistrate Judge's report as to the undisputed evidence.  The proof showed a special commissioner filed a report of sale on February 21, 2020, in the case of *City of Grand Junction, Tennessee v. Larry Zane Short*, no. 19007, before the Chancery Court for the Twenty-Fifth Judicial District, Hardeman County, Tennessee.  The sale took place February 10, 2020, in Bolivar, Tennessee, after the sale had been advertised by publication three times.  The report of sale included a certificate of service showing that the commissioner served the report on James T. Allison, Esq. who had represented Plaintiff in the proceedings before the Hardeman County Chancery Court.  The Magistrate Judge's report also cited undisputed evidence that the Hardeman County Chancery Court entered an order on March 19, 2020, confirming the sale of Plaintiff's property.[1]  According to the order confirming the sale, the chancery court had entered an order directing the sale of the property on November 1, 2019.  Order Confirming Sale, Mar. 19, 2020 (ECF No. 13-2, Page ID 71-72).  The November 1, 2019, order, is not part of the record.

This proof, which Plaintiff has not disputed, tends to show that Plaintiff through his attorney knew about the sale of his real property no later than February 21, 2020.  The record shows that Attorney Allison was Plaintiff's counsel of record in the state court proceedings over the condition of Plaintiff's property.  The report and recommendation cites proof that prior to

---

[1] The report and recommendation cites language from the order confirming the sale in which the chancery court noted the real property "was conveyed to Larry Z. [S]hort by quitclaim deed." According to the chancery court's order, though, that conveyance occurred in 2014.  Other than to establish the fact that Plaintiff was the property's owner of record, the quitclaim deed does not appear to have bearing on the accrual issue considered here.

Grand Junction taking legal action against Plaintiff, Plaintiff had written an email, apparently to the City itself, dated April 29, 2018, in which Plaintiff identified Attorney Allison as his lawyer. *See* Short Email (ECF no. 13-2, Page ID 119). The report and recommendation also cites an answer Attorney Allison filed on behalf of Plaintiff in case no. 19007, the City's case against Plaintiff concerning the code violations at his property. *See* Short Answer, Feb. 4, 2019 (ECF No. 13-2, Page ID 121-22). The pleading was filed on February 4, 2019, in response to the City of Grand Junction's Complaint for Mandatory Injunction. The record contains written correspondence from the City Attorney addressed to Attorney Allison and dated February 6, 2019, notifying Attorney Allison that the City Attorney had requested a hearing with the chancery court on April 10, 2019. Cary Ltr., Feb. 6, 2019 (ECF No. 13-2, Page ID 67). Attorney Allison then approved for entry an order entered by the chancery court on April 10, 2019, in case no. 19007, requiring Plaintiff to take certain remedial steps to bring his property back up to code. Order, Apr. 10, 2019 (ECF No. 13-2, Page ID 68-70).

The Court notes for the record that there is no evidence to show Attorney Allison made any appearance on Plaintiff's behalf after April 2019. In fact, Defendants have not submitted any evidence to show what occurred in the chancery court proceedings at all between April 1, 2019, and November 1, 2019, when the chancery court ordered the sale of Plaintiff's property. The chancery court's order dated November 1, 2019, states that Grand Junction had filed a motion to sell Plaintiff's property on September 16, 2019, and the chancery court held a hearing on the motion on October 2, 2019. Order Granting Mot. to Sell Real Property, Nov. 1, 2019 (ECF No. 13-2, Page ID 102). However, Grand Junction's September 2019 motion for the sale is not part of the record, and there is no indication either Attorney Allison or Plaintiff appeared at the October 2019 hearing.

The record nevertheless suggests Plaintiff had notice of the chancery court's order to sell the property.  The chancery court's order included a certificate of service signed by the clerk and master, certifying that the order was served on Attorney Allison by means of U.S. mail on November 1, 2019.  Assuming Attorney Allison continued to represent Plaintiff in the chancery matter, Plaintiff had actual notice of the chancery court's order to sell Plaintiff's property.  Likewise, there is proof to suggest that Plaintiff had constructive notice of the sale.  According to the special commissioner's report of sale, the auction was advertised in the Bolivar Bulletin Times for three consecutive weeks prior to date of the sale in February 2020.

In the final analysis, the Court finds it unnecessary to delve any deeper into the full procedural history of the case before the Hardeman County Chancery Court or closely examine any gaps in the record.  The undisputed proof shows that the City of Grand Junction wrote to another attorney representing Plaintiff in August 2020.  In a letter addressed to Scott Polzin, Esq., Abby Odom, Esq. wrote on behalf of the City of Grand Junction that the City agreed to give Plaintiff an opportunity to remove personal property from the home but only until September 5, 2020.  Odom Ltr., Aug. 6, 2020 (ECF No. 13-2, Page ID 92).  This letter tends to show that Attorney Allison was no longer representing Plaintiff.  But more important the letter shows that Plaintiff had notice of the sale of his real property no later than August 2020 and any claim he had against Defendants based on the sale of his real property accrued no later than August 2020.  Because Plaintiff did not file suit within one year of that date, Plaintiff's claims related to the sale of his real property are time barred.  Therefore, the Court **ADOPTS** the report and recommendation and **GRANTS** Defendants' Motion to Dismiss as to the timeliness of any claim Plaintiff may have had against Defendants for the sale of his real property.

For the same reasons, Plaintiff's claims concerning the loss or damage to his personal

property stored at the home are also untimely. Attorney Odom's letter on behalf of the City of Grand Junction agreed to give Plaintiff access to the property for the purpose of recovering the personal items stored by Plaintiff at the home. Attorney Odom's letter further stated that before the City took possession of the property, the property "was open and had people coming in and out." Odom Ltr., Aug. 6, 2020 (ECF No. 13-2, Page ID 92). The record also shows that Plaintiff had provided to the City of Grand Junction a hand-written list of items he wanted to remove from the home. The date written on the document is not clearly legible; it appears to be "7-24-2020." *See* Short List (ECF No. 13-2, Page ID 91).

Viewing the pleadings and proof in a light most favorable to Plaintiff, there remain questions over what damage was done to Plaintiff's personal property, who caused the damage, and whether Grand Junction had some duty to prevent it. Even so, Plaintiff allowed the statute of limitations to run on his right to have these questions adjudicated as a possible violation of his constitutional rights. The upshot of the proof is that Plaintiff had actual notice of the sale and his limited time to access the property after August 6, 2020, and retrieve any items he wished to recover. It is not clear on what exact date Plaintiff first entered the property and should have known he had a right of action for loss or damage to his personal effects. But the record shows that Plaintiff signed identical waivers of liability, a step Grand Junction required before Plaintiff or any designee could enter the property, on three different dates: August 24, 2020 (Page ID 93), August 31, 2020 (Page ID 94), and September 20, 2020 (Page ID 95). The waivers do not prove Plaintiff entered the property on those specific dates. The waivers do support the inference that Plaintiff knew or could have reasonably discovered any loss or damage to his personal property no later than September 20, 2020. Because Plaintiff waited to file suit over his personal property until more than one year later, any claims Plaintiff had related to loss or damage to his personal

property are time barred. Therefore, the Court holds Defendant are entitled to judgment as a matter of law as to the timeliness of any claim Plaintiff may have had against Defendants for loss or damage to Plaintiff's personal property.

In sum, the Court **ADOPTS** the report and recommendation, **GRANTS** Defendants' Motion to Dismiss, and **DENIES** Plaintiff's Motion to Not Dismiss. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Plaintiff's failure to make any timely objection to the Magistrate Judge's report and recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days

of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 5, 2024.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.